UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN LAMAR WASHINGTON,

        Petitioner,                      Case No.  24-11573
                                                                       Honorable Nancy G. Edmunds

v.

ADAM DOUGLAS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Kalvin L. Washington is presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.  He was convicted of third-degree criminal sexual conduct, Mich. Comp. Laws § 769.11, and sentenced as a third habitual offender to 20 to 30 years imprisonment.  Washington has filed a petition seeking relief from his state court conviction and sentence on the grounds that he has newly-discovered evidence showing that the prosecutor committed misconduct and that he is actually innocent.[1]

---

[1] Washington's pleading is titled "Application to Suppress Where the Affiant Misrepresented Facts to the Magistrates Probable Cause Determination for the Issuance of an Arrest Warrant After First Dismissal."  (ECF No. 1.)  He seeks a retrial or immediate release from custody.  Washington does not specifically state that he seeks relief under 28 U.S.C. § 2254, the habeas statute applicable to state prisoners challenging their state convictions and sentences.  Regardless of the label, a petition filed by a state prisoner challenging a state conviction and sentence is subject to the restrictions and procedural requirements imposed by the Antiterrorism and Death Penalty Act of 1996 ("AEDPA").  *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).

In 2009, Washington filed a petition for writ of habeas corpus challenging the same conviction he challenges in this case. That petition was denied on the merits. *Washington v. Davis*, No. 2:09-10771, 2011 WL 2174802 (E.D. Mich. June 3, 2011). The Sixth Circuit Court of Appeals denied a certificate of appealability. *Washington v. Davis*, No. 11-1757 (6th Cir. Feb. 21, 2012).

Before a prisoner may file a successive habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (a state prisoner's failure to obtain authorization from the court of appeals before filing a successive habeas corpus petition deprived district court of jurisdiction).

Washington challenges the same conviction challenged in his prior petition, but he has not received authorization from the Sixth Circuit Court of Appeals to file a successive petition. When a habeas petitioner files a second or successive petition in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a second or successive petition for habeas corpus relief … is filed in the district

2

court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases).

    SO ORDERED.

s/Nancy G. Edmunds<br>NANCY G. EDMUNDS<br>UNITED STATES DISTRICT JUDGE

DATED: June 28, 2024